MICHELLE BLOOTHOOFD, Defendant BelowA-ppellant,
v.
STATE OF DELAWARE, Plaintiff BelowA-ppellee.
No. 251, 2009.
Supreme Court of Delaware.
Submitted: May 18, 2009.
Decided: June 2, 2009.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice
This 2nd day of June 2009, it appears to the Court that:
(1) On May 5, 2009, the Court received the appellant's notice of appeal from the Superior Court's March 25, 2009 order, docketed on March 27, 2009, which denied his motion for sentence modification. Pursuant to Supreme Court Rule 6, a timely notice of appeal from the Superior Court's order should have been filed on or before April 27, 2009.
(2) On May 5, 2009, the Clerk of the Court issued a notice pursuant to Supreme Court Rule 29(b) directing the appellant to show cause why the appeal should not be dismissed as untimely filed. The appellant filed her response to the notice to show cause on May 22, 2009. The appellant states that she placed the notice of appeal in the prison mail system on April 23, 2009 and that it should be deemed to have been timely filed on that date.
(3) Pursuant to Supreme Court Rule 6(a) (iii), a notice of appeal must be filed within 30 days after entry upon the docket of the judgment or order being appealed. Moreover, time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of the Court within the applicable time period in order to be effective.[2] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[4] Contrary to the appellant's argument, the United States Supreme Court has never ruled that a prison mailbox rule is constitutionally required and this Court has consistently declined to adopt such a rule for Delaware.[5]
(4) There is nothing in the record before us reflecting that the appellant's failure to file a timely notice of appeal in this case is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.
NOTES
[1] Carr v. State, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] Carr v. State, 554 A.2d at 779.
[4] Bey v. State, 402 A.2d 362, 363 (Del. 1979).
[5] Id. at 779-80.